**Velma DICKER, Patricia Hood, and Rhonda Moore, Plaintiffs,**

v.

**ALLSTATE LIFE INSURANCE CO. and Allstate Insurance Co., Defendants.**

**No. 89 C 4982.**

United States District Court, N.D. Illinois, E.D.

Oct. 19, 1989.

Robert M. Weissbourd, Jeffrey A. Coryell, Judith A.M. Scully, Hartunian, Futterman & Howard, Chtd., Stephen G. Seliger, Stephen G. Seliger, Ltd., Jeffrey L. Taren, Kinoy, Taren, Geraghty & Potter, Chicago, Ill., for plaintiffs.

Paul R. Garry, Marc D. Sherman, Katten, Muchin & Zavis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs Velma Dicker, Patricia Hood, and Rhonda Moore sue defendants Allstate Life Insurance Co. and Allstate Insurance Co. (collectively "Allstate") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II). On July 31, 1989, this court granted Allstate's motion for a more definite statement. Plaintiffs filed an amended complaint and Allstate now moves for summary judgment pursuant to Fed.R.Civ.P. 56 on both counts. Additionally, Allstate moves for sanctions against plaintiffs' counsel under Fed.R.Civ.P. 11.

## BACKGROUND

Plaintiffs are black Allstate employees who hold lower level, non-exempt positions. Amended complaint ¶ 2. Allstate employees may be promoted in a line of progression from non-exempt positions in data entry, clerical and processing, to exempt positions as unit managers. *Id.* ¶ 5. Non-exempt employees are paid substantially less than exempt employees, are paid by the hour, and are paid for overtime. Moore affidavit ¶ 2. Exempt employees are involved in management, do not receive overtime, and are required to participate in supervisors' meetings. *Id.* Promotions, transfers and reassignments that lead to advancement occur frequently and irregularly and are not posted in advance. Amended complaint ¶ 5. An employee does not apply for most of these positions; vacancies are filled by management review. Moore affidavit ¶ 3.

Plaintiffs allege that Allstate utilizes a racially discriminatory double standard in evaluating and promoting its employees. Amended complaint ¶¶ 7–11. Plaintiffs contend that throughout their employment they, and other black employees, have received less training, lower productivity and performance evaluations, and fewer promotions than similarly situated white employees. *Id.* Plaintiffs also allege an ongoing atmosphere of racial harassment, including more stringent review criteria and more frequent penalties. *Id.* ¶ 14. In support of their amended complaint, plaintiffs each submit affidavits specifying instances of promotions denied, salary increases delayed, and other facts suggesting a double standard.

### Count I

A motion for summary judgment should be granted only if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is rarely appropriate in Title VII cases because issues of discriminatory intent are often proven by circumstantial evidence. *Powers v. Dole*, 782 F.2d 689, 694 (7th Cir.1986). With respect to Count I, how-

ever, Allstate predicates its motion on the contention that plaintiffs' claims are time-barred under 42 U.S.C. § 2000e–5(e). Reply at 3.

Allstate argues that in determining whether plaintiffs' Title VII claims are time-barred the court should look solely at the amended complaint and should ignore plaintiffs' affidavits filed in opposition to the motion for summary judgment. Allstate contends that plaintiffs' amended complaint is still vague and does not comply with this court's order of July 31, 1989. Federal courts require only a short, plain statement of a claim, indicating the basis for entitlement to relief. Fed.R.Civ.P. 8(a). Plaintiffs' original complaint failed to meet Rule 8(a) requirements. Plaintiffs were ordered to amend by including "specific factual allegations such as names, dates and places" to enable Allstate to respond. Minute order of July 31, 1989. Plaintiffs amended their complaint to include the time period that they were employed by Allstate, the division of their employment, and their position titles. Plaintiffs allege that Allstate has applied a racially discriminatory double standard to them throughout their employment. *See* amended complaint ¶¶ 8, 10, 14, 15. Plaintiffs also added specific factual allegations regarding lack of training, lower performance appraisals, fewer promotions and less pay during their tenure with Allstate. *Id.* ¶¶ 7–12. Thus, plaintiffs amended complaint contains sufficient factual support to allow Allstate to frame a responsive pleading. Plaintiffs' amended complaint does not contain every factual allegation they might rely on to support their lawsuit. However, Rule 8(a) requires only that a complaint indicate the nature of a plaintiff's claim with sufficient specificity to enable the parties to determine the preclusive effect of a judgment. *American Nurses Ass'n v. State of Illinois*, 783 F.2d 716, 723 (7th Cir.1986). Simplified notice pleading is made possible by the liberal opportunity for discovery and other pretrial procedures, such as Allstate's motion for summary judgment, to define disputed facts and issues more narrowly. *Conley v. Gibson*, 355 U.S. 41, 47–48 n. 9, 78 S.Ct. 99, 102–103 n. 9, 2 L.Ed.2d 80 (1957).

■ Allstate further argues that plaintiffs' affidavits should not be used in determining whether the Title VII claim is time-barred because their affidavits contain claims of Title VII violations different from those in the amended complaint. Reply at 4, 8. The amended complaint alleges a continuing violation of Title VII, namely that Allstate used and continues to use a racially discriminatory double standard in its employment practices. It would be unreasonable to require plaintiffs to sue separately on numerous, continuing Title VII violations. *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir.1989). Plaintiffs' amended complaint alleges a wide variety of seemingly minor infractions that establish a visible pattern of discriminatory treatment. These allegations present a typical continuing violation. *Id.* The affidavits set forth specific instances of discriminatory treatment supporting a continuing violation, as required by Rule 56(e). *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Plaintiffs' affidavits shall be considered in determining whether plaintiffs' Title VII claim is time-barred. Fed.R.Civ.P. 56(c).

■ Title VII requires plaintiffs to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") no more than 300 days after the alleged violation. 42 U.S.C. § 2000e–5(e); *Gilardi v. Schroeder*, 833 F.2d 1226, 1229–30 (7th Cir.1987). The filing period is strictly applied. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). In the case of a continuing violation, the plaintiff must allege that one discriminatory act occurred within the 300 days prior to filing the charge. *Malhotra*, 885 F.2d at 1310; *Stewart v. CPC Int'l, Inc.*, 679 F.2d 117, 121 (7th Cir.1982).

Plaintiffs filed a charge of discrimination with the Illinois Department of Human Rights and the EEOC on November 7, 1988, alleging a continuing violation of Title VII. Coryell Affidavit ¶ 5, Ex. A. The

parties agree that January 12, 1988 falls within the 300–day limitations period. Memorandum in opposition at 3 n. 1; Reply at 2, n. 2. Dicker alleges that two white women, who were less qualified than she, were given promotions in the spring of 1988. Dicker affidavit ¶ 2. Dicker also alleges that at the same time her pay raise was delayed several months. *Id.* ¶ 3. Moore alleges that four positions were given to white women who were less qualified than she during 1988. Moore affidavit ¶¶ 5–8. Hood alleges two positions were given to white women that she was as or more qualified for in the spring and fall of 1988. Hood affidavit ¶ ¶ 3, 4. Each of these alleged discriminatory acts occurred after January 12, 1988. Therefore, plaintiffs timely filed their claim. Evidence of discriminatory acts prior to January 12 are properly alleged to prove a *continuing* violation. *Malhotra*, 885 F.2d at 1310.

Accordingly, plaintiffs' Title VII claim is not time-barred.

Count II

 Allstate also moves for summary judgment on Count II, arguing that plaintiffs do not state a claim under 42 U.S.C. § 1981. Section 1981 protects minorities in the making and enforcement of contracts. *Patterson v. McLean Credit Union,* — U.S. ——, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989). An employer's refusal to promote an employee because of race is actionable under § 1981 when the promotion involves an opportunity to enter into a new contractual relationship with the employer. *Id.* 109 S.Ct. at 2377. Only those promotions reflecting a new and distinct relation between the employer and employee constitute an opportunity to enter a new contract. *Id.* Examples of a new and distinct relation include a promotion from associate to partner in a law firm, *id.*; from clerk to supervisor, *Mallory v. Booth Refrigeration Supply Co.*, 882 F.2d 908 (4th Cir.1989); and from project inspector to supervisory engineer, *Luna v. City and County of Denver*, 718 F.Supp. 854 (D.Colo.1989). In contrast, a promotion that just provides an increase in pay does not offer a new and distinct relation.

*Williams v. National Railroad Passenger Corp.*, 716 F.Supp. 49 (D.D.C.1989), and one that is merely a routine advancement for existing employees is not actionable under § 1981. *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1311 (7th Cir.1989).

Plaintiffs argue that a promotion from a non-exempt position to an exempt position involving supervisory and managerial responsibilities is a new and distinct relation. Plaintiffs, however, do not allege that they were directly denied such a promotion. Rather, plaintiffs allege they were denied promotions within a line of progression of non-exempt positions that ultimately might result in an exempt position as unit manager. Based upon plaintiffs' affidavits, the promotions plaintiffs were denied would not have offered a new and distinct employment relationship.

Plaintiffs cite *Malhotra* to argue that they state a § 1981 violation because outside applicants received positions that Allstate denied plaintiffs. However, the Seventh Circuit expressly declined to decide whether the new and distinct relation test embraced promotions that were nonroutine, but did not involve a change in the terms of the employment contract. *Id.* at 1311. By limiting § 1981 claims to new contractual relations, the Supreme Court sought to preserve the integrity of Title VII's mediation and conciliation procedures. *Patterson*, 109 S.Ct. at 2375. Plaintiffs' employment represents an ongoing employer-employee relationship to salvage, in contrast with a non-Allstate employee denied a similar position. In order to preserve the integrity of Title VII's administrative procedures, plaintiffs are not permitted to bring parallel § 1981 and Title VII actions under the circumstances alleged here. The motion for summary judgment as to Count II is granted.

SANCTIONS

If an attorney signs pleadings that are not reasonably based in law or fact, or are meant to harass, the court must impose an appropriate sanction. Fed.R.Civ.P. 11. Rule 11 has both a subjective and an objective component. *Mars Steel Co. v. Continental Bank*, 880 F.2d 928, 932 (7th Cir.

1989). A filing interposed for any improper purpose is sanctionable, whether or not it is supported by the facts and the law. *Id.* Alternatively, a filing made in good faith is sanctionable if not based upon a reasonable inquiry into the facts and the law. *Id.*

Allstate argues that Count I was filed in bad faith because plaintiffs' counsel intentionally disregarded this court's order of July 31, 1989 requiring plaintiffs to file an amended complaint that satisfied Fed.R.Civ.P. 8(a). However, Count I of plaintiffs' amended complaint satisfies Rule 8(a) and there is no basis to conclude that it was filed in bad faith. Sanctions therefore are inappropriate.

■ Allstate argues that Count II was filed without any basis in law, citing *Patterson v. McLean Credit Union,* —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Allstate's motion for summary judgment on Count II is granted because *Patterson* bars plaintiffs' § 1981 claims for discriminatory promotions that do not rise to the level of a new contractual relationship. Rule 11 should not be used to penalize attorneys for taking novel, innovative positions. *Mars Steel,* 880 F.2d at 932. It is particularly significant that *Patterson* is a recent decision and its dimensions are not yet clearly known. *Malhotra,* 885 F.2d at 1311. Plaintiffs addressed *Patterson* in their memoranda and adequately researched relevant § 1981 case law. Plaintiffs adequately investigated both the facts and the law. Accordingly, Allstate's motion for sanctions is denied.

## CONCLUSIONS

Plaintiffs' Title VII claim is not time-barred. Allstate's motion for summary judgment on Count I is denied. The amended complaint fails to state a claim under 42 U.S.C. § 1981. Judgment is granted for Allstate and against plaintiffs on Count II.

Allstate's motion for sanctions is denied.