Lamar **CHAPMAN III,** Plaintiff,

v.

**BURTON BERGER & ASSOCIATES, LTD., et al.,** Defendants.

**No. 93 C 5060.**

United States District Court, N.D. Illinois, E.D.

Sept. 16, 1993.

Lamar Chapman III, pro se.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Lamar Chapman III ("Chapman") has appealed from Bankruptcy Judge Jack Schmetterer's dismissal of Chapman's adversary complaint ("Complaint") in Case No. 92 A 1523 against Burton Berger & Associates ("Berger") and James Gregory Smith ("Judge Smith").[1] Because the Complaint is patently insufficient as a matter of law as to both defendants, this Court summarily affirms Judge Schmetterer's order of dismissal as to Berger and, as to Judge

1. To be precise, Judge Schmetterer's May 4, 1993 order of dismissal stated that to the extent that the Bankruptcy Court had only "related" jurisdiction over the claim against Judge Smith under 28 U.S.C. § 157(c), Judge Schmetterer was recommending that this Court dismiss the Complaint against that defendant.

2. This opinion is being issued without the receipt of any briefing by the parties beyond what was submitted to Judge Schmetterer and has been included by Chapman in his designation of the record on appeal. This Court had reviewed that record and the Bankruptcy Court submissions to see whether there was any need to have

Smith, the Bankruptcy Judge's recommendation for dismissal.[2]  154 B.R. 258.

It is unnecessary to trace the tortuous history of Chapman's peregrinations through the Illinois state courts in his litigation there (*Chapman v. Currie Motors, Inc.*, 90 M1–13436 in the Municipal Department of the Circuit Court of Cook County), which is now pending on appeal before the Illinois Appellate Court. What dooms his Complaint is rather that it is under 42 U.S.C. § 1983 ("Section 1983") that he seeks to sue both (1) Judge Smith—one of the Associate Judges who handled the case in the state court—because of orders entered in the exercise of Judge Smith's judicial function and (2) Berger, the lawyer for Chapman's adversary in the state court proceedings.

Judge Smith is of course cloaked with absolute immunity for his judicial actions, a principle established well over a century ago in *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872) and reconfirmed in terms of Section 1983 liability by *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Clearly the actions by Judge Smith that Chapman complains of here were acts performed in Judge Smith's *judicial* capacity (*Forrester v. White*, 484 U.S. 219, 226–27, 108 S.Ct. 538, 543–44, 98 L.Ed.2d 555 (1988)). And Chapman's contention that Judge Smith is somehow stripped of immunity because he assertedly acted without jurisdiction reflects a layman's lack of understanding of the legal concept of jurisdiction (*Stump v. Sparkman*, 435 U.S. 349, 359–64, 98 S.Ct. 1099, 1106–09, 55 L.Ed.2d 331 (1978)).[3]

the issues briefed once again. That question plainly calls for a "no" answer—as will be evident from the balance of the text, nothing further that Chapman could arguably advance would salvage his cause of action.

3. This decision on absolute immunity grounds—a decision that insulates a judge from the need to defend himself as well as the need to respond in damages—makes it not only unnecessary but also inappropriate to address the several other issues that Judge Schmetterer covered in his May 4, 1993 memorandum opinion. This is not at all to state any disagreement with what Judge Schmetterer has said there (a matter as to which

As to Berger, Chapman discloses an equally fundamental misperception of the scope of Section 1983. To be sure, Chapman is right in stating that the mantle of Judge Smith's judicial immunity does not cloak lawyer Berger as well. But what Chapman obviously does not understand is that by definition Section 1983 actions lie only against persons who act "under color" of state law. When the status of lawyers is considered in that respect, even a public defender who is *paid* with public funds is not a "state actor" for Section 1983 purposes (*Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981)). And it really follows a fortiori that a *private* lawyer who represents a client as Berger did in the state court action is not within the scope of potential Section 1983 defendants as to the lawyer's conduct in that respect (see, e.g., *Thanh Vong Hoai v. Thanh Van Vo,* 935 F.2d 308, 313 & n. 5 (D.C.Cir.1991)).[4]

Under the circumstances only one other issue raised by Chapman needs to be discussed briefly: that portion of Judge Schmetterer's May 4 opinion in which Chapman was found to have proceeded in a manner subjecting him to sanctions under Bankruptcy Rule 9011 (the bankruptcy counterpart of Fed.R.Civ.P. 11). On that score the opinion contained no final order for sanctions, so that Chapman seeks to appeal from what was *said* in an opinion rather than from any court order. Hence his appeal is premature.[5]

Accordingly this Court:

1. approves Judge Schmetterer's recommendation for the dismissal of Judge Smith as a defendant, so that Judge Smith is dismissed as a defendant to Chapman's Complaint with prejudice;

2. affirms Judge Schmetterer's dismissal of Burton Berger & Associates as a defendant, so that Burton Berger & Associates is also dismissed as a defendant to Chapman's Complaint with prejudice;

3. by reason of the foregoing, dismisses Chapman's Complaint in its entirety with prejudice; and

4. dismisses as premature Chapman's attempt to appeal from the portion of Judge Schmetterer's May 4, 1993 opinion that held Chapman to be subject to sanctions of a nature to be determined thereafter.

This is intended to be a final order rejecting Chapman's appeal from Judge Schmetterer's May 4, 1993 order and his subsequent denial of Chapman's motion for reconsideration of that order. To the extent that this Court may not have specifically addressed any other matters identified by Chapman in his Statement of Issues To Be Presented on Appeal, that is because the grounds for this Court's decision render it unnecessary to deal with such other questions.

---

any comment by this Court is equally inappropriate because of the dismissal on immunity grounds), but rather to reflect that the "merits" of the case really do not matter once judicial immunity is established.

**4.** Again that threshold determination renders irrelevant any other bases for Berger's nonliability that were discussed by Judge Schmetterer.

**5.** One final note: Nothing said here should be misunderstood as an expression of disagreement with *that* aspect of Judge Schmetterer's opinion.