Ronald Lee LERCH and Dalene
Ann Lerch, Plaintiffs,

v.

R. David BOYER, Trustee, Steven J.
Ouellette, C. David Peebles,
Defendants.

No. 1:95cv129 AS.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

March 25, 1996.

Ronald Lee Lerch, Fort Wayne, IN, pro se.

Dalene Ann Lerch, Fort Wayne, IN, pro se.

R. David Boyer, Helmke Beams Boyer and Wagner, Fort Wayne, IN, for R. David Boyer.

Steven J. Ouellette, Ft. Wayne, IN, for Steven J. Ouellette.

C. David Peebles, Fort Wayne, IN, for C. David Peebles.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

On May 11, 1995, the plaintiffs ("the Lerches") in the above-captioned cause filed a *pro se* complaint, apparently seeking relief under 18 U.S.C. § 241 and monetary damages pursuant to a *Bivens*-style claim. The case was reassigned to the undersigned by order of July 28, 1995, after the Honorable William C. Lee, Fort Wayne Division, recused himself. Following this court's denial of the plaintiffs' motion requesting recusal of this judge, the plaintiffs filed an interlocutory appeal which the United States Court of Appeals for the Seventh Circuit dismissed for lack of jurisdiction in an unpublished order dated February 15, 1996. This court now finds that because the plaintiffs have failed to state a claim upon which relief may be granted, this action must be dismissed.

### DISCUSSION

This cause of action grows out of the plaintiffs' apparent dissatisfaction with their own proceedings in bankruptcy, which they characterize as "erroneous." It is important to note at the outset, however, that the cause does not arise under this court's bankruptcy jurisdiction pursuant to 28 U.S.C. § 158(a). Instead, the plaintiffs apparently attempt to maintain a private right of action under the criminal law provisions of 18 U.S.C. § 241. The plaintiffs also refer in their complaint to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), apparently as an avenue by which the court may award monetary damages.

This court previously granted motions to dismiss on grounds of immunity as to the United States Bankruptcy Court, Robert E. Grant, Judge, and J. Philip Klingeberger, Assistant United States Attorney, in its order of October 2, 1995.

### I. Plaintiffs' Motion for Collateral Estoppel

On May 17, 1995, the plaintiffs filed a motion for collateral estoppel as to defen-

dants R. David Boyer, Trustee, and the United States Bankruptcy Court. Because the Bankruptcy Court is no longer a party to this cause, the motion is moot as to that entity. Thus, the plaintiffs' motion applies—if at all—only to defendant R. David Boyer. The plaintiffs contend in their brief that they have been denied "due process of law" as a result of the bankruptcy court's 'premature' ruling that their property be sold. Specifically, the plaintiffs argue that "Boyer is an erroneous party to the instant action in that they [sic] have shown no proof of standing to bring or enforce this action, other than fraudulent and erroneous documents filed by Petitioner(s) former attorney without Petitioner(s) knowledge or consent." Plaintiffs' Motion for Collateral Estoppel at 3. The plaintiffs apparently believe that Rule 1002, FED.R.EVID., somehow precludes the introduction of blank papers which the plaintiffs allegedly signed for their former attorney— papers which purportedly were later filed to institute bankruptcy proceedings against the plaintiffs.

After reviewing the plaintiffs' motion, the court is unable to determine what issue(s) the plaintiffs are alleging is subject to the constraints of collateral estoppel. Even if the plaintiffs' (apparent) allegation is true— that their attorney conspired to obtain the plaintiffs' signatures on blank papers later filed in bankruptcy court without their knowledge—that situation does not warrant a discussion of the principles of collateral estoppel. It is well settled that the legal doctrine of collateral estoppel arises in two types of situations. "Offensive" collateral estoppel is used by plaintiffs to prevent relitigation of issues previously lost by a defendant against another plaintiff. *See Blonder–Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1228 (7th Cir. 1984). On the other hand, a defendant uses "defensive" collateral estoppel to prevent a plaintiff from relitigating issues previously lost against another defendant. *See Standefer v. United States*, 447 U.S. 10, 21–25, 100 S.Ct. 1999, 2006–2008, 64 L.Ed.2d 689 (1980); *United States v. Lahey*, 55 F.3d 1289, 1295

(7th Cir.1995). Neither situation obtains in the present cause. Therefore, because the plaintiffs fail to articulate any ground upon which collateral estoppel may be employed, the plaintiffs' motion for collateral estoppel will be denied.

## II. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)

■ The remaining defendants in this action move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) authorizes the dismissal of complaints which state no actionable claim. In deciding a 12(b)(6) motion, the court is required to take the complaint's factual allegations as true and must view them in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Brown v. City of Lake Geneva,* 919 F.2d 1299, 1300 (7th Cir.1990). Dismissal is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In reviewing the pleadings of *pro se* litigants (such as the plaintiffs here), the court must apply a less stringent standard than that applied to formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972).

■ Even under the notice pleading permitted by the Federal Rules of Civil Procedure and the liberal interpretation given to *pro se* pleadings under *Haines,* however, a complaint must include allegations respecting all material elements of all claims asserted—bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985); *Sutliff, Inc. v. Donovan Companies, Inc.,* 727 F.2d 648, 654 (7th Cir.1984). Moreover, the court need not accept legal conclusions alleged in the complaint. *Vaden v. Village of Maywood,* 809 F.2d 361 (7th Cir.), *cert. de-*

*nied,* 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987).

■ In the present cause, the plaintiffs apparently attempt to state a claim under the provisions of 18 U.S.C. § 241. The federal courts have repeatedly held, however, that criminal statutes governing conspiracies against civil rights and deprivation of rights under color of law—such as 18 U.S.C. § 241—do not provide for a private right of action. *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989); *Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 760 (5th Cir.1987); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980); *Lovelace v. Whitney,* 684 F.Supp. 1438, 1441 (N.D.Ill.1988), *aff'd sub nom. Lovelace v. Hall,* 886 F.2d 332 (7th Cir.1989); *Powers v. Karen,* 768 F.Supp. 46, 51 (E.D.N.Y.1991), *aff'd,* 963 F.2d 1522 (2nd Cir.1992); *Pawelek v. Paramount Studios Corp.,* 571 F.Supp. 1082, 1083 (N.D.Ill.1983). Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241.[1] *Cok,* 876 F.2d at 2. Therefore, the Lerches cannot state a claim under that statutory provision. However, because complaints drafted by *pro se* litigants such as the Lerches are held to less stringent standards than formal pleadings drafted by lawyers, *Haines,* 404 U.S. at 520, 92 S.Ct. at 595, and because the federal district courts must ensure that *pro se* litigants are given "fair and meaningful consideration," *Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984), this court will not dismiss the plaintiffs' complaint on the above basis, but instead will treat it as a *Bivens* action.

■ In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court of the United States allowed a plaintiff to seek money damages from individual federal officers for their alleged violation of the plaintiff's Fourth Amendment rights. *Bivens,* 403 U.S. at 397, 91 S.Ct. at 2005. Thus, the Court inferred the cause of action directly from constitutional provisions.

---

1. The court notes that while the plaintiffs refer only to 18 U.S.C. § 241 in the complaint, their "Response to Notice of Compliance," filed September 26, 1995, mentions 18 U.S.C. § 242 as an alternative ground for federal question jurisdiction. However, the analysis remains the same for § 242, which, like § 241, is a criminal statute governing conspiracies against civil rights and deprivation of rights under color of law that does not provide for a private right of action.

Later decisions by the Supreme Court recognized the existence of causes of action for federal officers' infringements of plaintiffs' Fifth, Eighth, and First Amendment rights. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), and *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), respectively. Nevertheless, to state a *Bivens* claim, the defendant must be a federal officer and must not have judicial immunity from suit.

■ In the present cause, the plaintiffs cannot state *Bivens* claims against any of the remaining defendants. Defendants Ouellette and Peebles clearly are not federal officers in any capacity and, thus, a *Bivens* action is completely inapposite with regard to those defendants. In addition, defendant R. David Boyer, as bankruptcy trustee, is entitled to quasi-judicial immunity for carrying out the orders of the bankruptcy court. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir.1986); *see also Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989); *Yadkin Valley Bank & Trust Co. v. McGee*, 819 F.2d 74, 76 (4th Cir.1987); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir.1981). Although the Lerches appear to allege that trustee Boyer was part of a conspiracy to deprive them of their constitutional rights, the plaintiffs make no intelligible legal arguments demonstrating how this alleged "conspiracy" rose to the level of a constitutional tort compensable under *Bivens*. Moreover, the few legal authorities cited by the plaintiffs are best described as irrelevant. In sum, the plaintiffs have failed to state any claim upon which this court can grant relief. Thus, the defendants' motions to dismiss pursuant to Rule 12(b)(6) will be granted.

### III. Rule 11 Sanctions

■ The final issue to be considered is that of sanctions. Defendants C. David Peebles, Steven J. Ouellette, and R. David Boyer have each moved for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.[2] The focus of Federal Rule 11 is

to impose on counsel or unrepresented parties an affirmative obligation to conduct a reasonable inquiry into the legal and factual basis of a filing before presenting it to the court. 1 COURT AWARDED ATTORNEY FEES, § 11.05[4][c][i]. Rule 11, as amended in 1993, provides in pertinent part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an ... unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims ... and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; ...

FED.R.CIV.P. 11(b). Although the 1993 Amendment to Rule 11 abrogated the duty to withdraw or amend a paper containing a claim, defense, or other contention that proves to be baseless, an attorney or party still may not continue to *advocate* a baseless position under the current Rule 11. 1 COURT AWARDED ATTORNEY FEES, § 11.05[3].

■ It is by now well settled that *pro se* status will not shelter a litigant from sanctions pursuant to Rule 11. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir.1990) ("Status as a pro se litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous."), *cert. denied sub nom. Vukadinovich v. Krawczyk*, 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 780 (1991). The Advisory Committee's Note to

---

**2.** Defendant C. David Peebles moved for sanctions on June 2, 1995; defendants Steven J.

Ouellette and R. David Boyer moved for sanctions on August 3, 1995.

the 1983 Amendment of Rule 11 states that "[a]lthough the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations." The 1993 Amendment to Rule 11 did nothing to alter the existing standard for *pro se* litigants.

The current Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may ... impose an appropriate sanction upon the ... parties that have violated subdivision (b) or are responsible for the violation." FED. R.CIV.P. 11(c). In the present case, the plaintiffs had adequate notice and reasonable opportunity to respond. In its Memorandum and Order of September 6, 1995, this court noted that the issue of sanctions had been raised by the defendants and stated that the plaintiffs should be sanctioned under Rule 11 for abusing federal process. However, notwithstanding the court's admonition, the Lerches continued to prosecute this altogether frivolous action, filing no less than eight *additional* documents in this court. None of these documents provide any realistic basis upon which the court may grant relief. The plaintiffs fail to cite relevant statutory or decisional law, or to make a good-faith argument for the reversal of current law, in any of the documents submitted to this court. From the face of the complaint, it is clear that the plaintiffs failed to make a reasonable inquiry into the law governing the filing of a legally viable complaint concerning the issues presented.

■■■■ Perhaps one of the best ways of defining the term "frivolous," as it appears in the 1993 version of Federal Rule 11, is to articulate what it is not. For example, the mere absence of legal precedent, the presentation of an unreasonable legal argument, or the failure to prevail on the merits of a particular legal contention (or in the entire case being litigated) cannot justify a finding of frivolousness. Another way to define the term is to provide affirmative articulations of the circumstances in which a court should find that a suit was "frivolous." For example, the term "frivolous" should connote that the legal contention of the lawsuit is utterly implausible and lacks any arguable basis, or at least is characterized by abuse or egregiousness. The "legal arguments" presented by the plaintiffs in the present action are not merely unreasonable; they are utterly implausible and characterized by abuse. Thus, the court finds that plaintiffs' suit is frivolous.

■■■■ In determining the appropriate sanction under Rule 11, the court is limited to "what is sufficient to deter repetition of such conduct." FED.R.CIV.P. 11(c)(2). Indeed, the revised Rule 11 stresses non-monetary sanctions, and it is even clearer now that the purpose of a sanction under Rule 11 is to deter, not to compensate. 1 COURT AWARDED ATTORNEY FEES, § 11.05[4][c][i]. Nonetheless, Rule 11 provides that "the sanction may consist of, ... if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." FED.R.CIV.P. 11(c)(2).

■■■■ It is clear to this court that the present action is simply the latest example in a series of attempts by plaintiff Ronald Lee Lerch to thwart the lawful proceedings of the United States Bankruptcy Court. Plaintiff Lerch has engaged in a pattern of abuse of the federal court system that demonstrates a blatant disregard for the truth and for the proper function of the courts. This court takes full judicial notice of its earlier decisions in civil cases 1:94cv161, 1:94cv293, and 3:95cv603. In particular, the court refers to its Memorandum and Order dated July 18, 1994, wherein this court stated:

> This court is sorely tempted to impose sanctions under Rule 11, Fed.R.Civ.P., but will desist from doing so at this time with the understanding that if further egregious conduct becomes apparent in the record of this case, this court will not hesitate to enter appropriate sanctions under that rule.

*Lerch v. United States*, No. 1:94cv161 (N.D.Ind. July 18, 1994), at 6. The result of such conduct is a waste of judicial resources,

unnecessary costs to the defendants, and resulting inefficiencies and delays that affect adversely all actual and potential litigants in federal courts. Although these plaintiffs may not be deterred by the simple imposition of a monetary sanction, this court knows of no other method to make its message clear to *pro se* plaintiffs such as the Lerches who repeatedly abuse federal process. Accordingly, it is the order of this court that, pursuant to Rule 11 of the Federal Rules of Civil Procedure, plaintiffs Ronald Lee Lerch and Dalene Ann Lerch shall pay the costs and reasonable attorneys' fees of *all* defendants in this action—both current and former.

In its Memorandum and Order of September 6, 1995, the court requested that the opposing parties file affidavits with reference to the time their attorneys had spent in defending this frivolous lawsuit. In response to the court's request, defendant Steven J. Ouellette filed an affidavit on September 14, 1995, which itemized his own expenses incurred in defending in this proceeding as well as those of bankruptcy trustee R. David Boyer. United States Department of Justice attorneys H. James Montalvo and Gordon W. Daiger filed affidavits on October 2, 1995, on behalf of the United States Bankruptcy Court, Robert E. Grant, Judge, and Assistant United States Attorney J. Philip Klingeberger, which itemized expenses incurred in the defense of those parties. Defendant C. David Peebles has filed no affidavit as of the date of this Memorandum and Order.

Rule 11 provides that "[m]onetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause...." FED.R.CIV.P. 11(c)(2)(B). Because neither the United States Bankruptcy Court, Robert E. Grant, Judge, nor Assistant United States Attorney J. Philip Klingeberger filed formal motions for Rule 11 sanctions prior to their termination as parties to this action (which the court ordered on the same day their attorneys filed affidavits regarding expenses), the plaintiffs are hereby ordered to show cause within thirty (30) days why this court should not impose costs and reasonable attorneys' fees pursuant to the affidavits provided by attorneys H. James Montalvo and Gordon W. Daiger of the United States Department of Justice. Defendant C. David Peebles, who formally moved for Rule 11 sanctions on June 2, 1995, is hereby given thirty (30) days to provide an affidavit of costs and reasonable attorneys' fees.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion for collateral estoppel is **DENIED,** and the motions to dismiss filed by defendants R. David Boyer, Steven J. Ouellette, and C. David Peebles are **GRANTED.** The motions for sanctions filed by defendants R. David Boyer, Steven J. Ouellette, and C. David Peebles are **GRANTED,** and plaintiffs Ronald Lee Lerch and Dalene Ann Lerch are hereby ordered to pay the costs and reasonable attorneys' fees incurred by these defendants. Defendant C. David Peebles is given thirty (30) days from the date of this Memorandum and Order within which to provide the court with an affidavit of costs and reasonable attorneys' fees incurred in defending this lawsuit. Pursuant to the provisions of Rule 11, the plaintiffs are hereby given thirty (30) days from the date of this Memorandum and Order within which to **SHOW CAUSE** why this court should not impose the costs and reasonable attorneys' fees incurred by former defendants the United States Bankruptcy Court, Robert E. Grant, Judge, and Assistant United States Attorney J. Philip Klingeberger. All remaining motions in this action are **DENIED AS MOOT. IT IS SO ORDERED.**