In re Muthukumaran KALIANA, Debtor.

STATE BANK OF INDIA, Plaintiff,

v.

Muthukumaran KALIANA, Defendant.

Bankruptcy No. 95 B 9323.
Adv. No. 96 A 00109.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 21, 1997.

John Moore, Chicago, IL, for plaintiff.

Gregory K. Stern, Gregory K. Stern, P.C., Chicago, IL, for defendant.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 filed by Muthukumaran Kaliana (the "Debtor") against State Bank of India (the "Bank") and one of its attorneys, John Moore ("Moore"), and their response in opposition thereto. For the reasons set forth herein, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

## II. FACTS AND BACKGROUND

Most of the relevant facts and background are contained in a Memorandum Opinion dated November 27, 1996 wherein the Court denied the Bank's request to revoke the Debtor's discharge. *See State Bank of India v. Kaliana (In re Kaliana),* 202 B.R. 600 (Bankr.N.D.Ill.1996). The Court found that, although the Debtor had fraudulently concealed a foreign bank account and its proceeds (the "Account"), the Bank had prior knowledge of the existence of the Account, which was located at one of its branches in India, thereby defeating its cause of action under 11 U.S.C. § 727(d)(1). The Court referred the matter to the United States Attorney pursuant to 18 U.S.C. § 3057(a) because of the Debtor's nondisclosure and concealment of the Account. 202 B.R. at 606.

The Bank's knowledge of the Account was evidenced by a certain letter dated July 7, 1988 (the "July 7th letter") from the manager of the Bank's Chicago branch to the manager of its Madras branch. *See* Debtor's Exhibit No. 3. The July 7th letter was later discovered in the Bank's files after the Debtor's discharge was entered on September 1, 1995. The discovery of the July 7th letter prompted the Bank's investigation into the Debtor's alleged fraud and the subsequent filing of the complaint.

Represented by Moore, the Bank filed its original complaint to revoke the Debtor's discharge on January 26, 1996, and its first amended complaint on May 3, 1996, which Moore signed on behalf of the Bank. *See* Bank's Exhibit Nos. 1 and 2. The Bank's basis for filing the complaint was the Debtor's failure to disclose the Account. Moore testified that he first became aware that the July 7th letter had been located in the Bank's file on October 16, 1996, during the pretrial

discovery incidental to the Debtor's attorneys' request for production of documents.

On January 13, 1997, the Debtor, through his attorneys, Gregory K. Stern, P.C., filed the instant motion under Bankruptcy Rule 9011 seeking to tax the Bank and Moore with the Debtor's unpaid attorneys' fees in the sum of $6,786.65 for the defense against the Bank's attempted revocation of the Debtor's discharge. The Debtor contends that the Bank and Moore had knowledge of the existence of the July 7th letter before the original complaint was filed. Therefore, the allegation in the complaint that the Debtor's fraud was unknown and undetected by the Bank until after the Debtor's discharge order was entered was not well grounded in fact. The Debtor also contends that at no time did the Bank or Moore assert that the filing of the complaint was warranted by a good faith argument for the extension, modification or reversal of existing law, given the existence of the July 7th letter.

Gregory K. Stern testified in support of the motion. In his opinion, all the services rendered were both reasonable and necessary for the Debtor's defense. As early as March 1996, he questioned the viability of the Bank's cause of action and discussed it with Moore on several occasions. He concluded that the Bank's contention that its Chicago branch should be treated as if it were a separate corporate entity from the Madras branch was unsupported by case law and was not a properly articulated good faith argument for the modification, extension, or reversal of existing law. Additionally, Stern testified that he thought the Bank's cause of action was fatally flawed from the outset because of the existence of the July 7th letter in the files of the Bank's Chicago branch by which it had knowledge of the Debtor's Account. Stern further stated that the law firm was owed between $6,000.00–$7,000.00 in unpaid accrued fees for the defense of the Bank's complaint. Stern and his associates first became aware of the July 7th letter when it was furnished to them by Moore at the time discovery closed, just prior to the trial.

In their response in opposition to the motion, the Bank and Moore contend that at the time of the Debtor's discharge, no officer or natural person at the Bank's Chicago branch had knowledge of the July 7th letter. Further they argue that the complaint made a good faith argument for the extension or modification of existing law because the Bank lacked a central registry system, and the Chicago branch essentially operated as a separate banking entity under the Illinois Foreign Banking Office Act, 205 ILCS 645/1 et seq. Consequently, the Bank's corporate knowledge of the Account prior to the Debtor's discharge could not be imputed to the Chicago branch. In addition, they raise five affirmative defenses: (1) the Court lacks jurisdiction because the motion was not filed within the time limit of Local General Rule 46 of the United States District Court for the Northern District of Illinois; (2) the motion is untimely; (3) the motion fails to state a cause of action; (4) the Debtor failed to mitigate damages by allowing the revocation proceeding to proceed to trial rather than earlier disposition on motion for summary judgment, judgment on the pleadings or a motion to dismiss; and (5) it would be inequitable to grant the relief requested in light of the Court's findings in its Memorandum Opinion and the referral to the United States Attorney for possible criminal prosecution of the Debtor as a result of his fraudulent concealment of the Account. The Court will address the instant motion and the defenses thereto in turn.

## III. *STANDARDS*

Federal Rule of Bankruptcy Procedure 9011(a) provides in relevant part:

Every petition, pleading, motion ... served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose,

such as to harass, or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bankr.P. 9011(a).

Bankruptcy Rule 9011 and former Federal Rule of Civil Procedure 11 are analogous and cases interpreting former Rule 11 (those decided prior to the 1993 amendments) are useful in analyzing Bankruptcy Rule 9011. *See In re International Oriental Rug Center, Inc.*, 165 B.R. 436, 441 (Bankr.N.D.Ill.1994); *In re Chapman*, 154 B.R. 258, 265 (Bankr. N.D.Ill.) (citation omitted), *aff'd*, 159 B.R. 812 (N.D.Ill.1993), *aff'd*, 46 F.3d 1133 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 153, 133 L.Ed.2d 97 (1995). Moore, as attorney for the Bank, signed the original and first amended complaints thereby triggering the potential for Bankruptcy Rule 9011 sanctions against him and his client, the Bank.

 The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–1080 (7th Cir.1987), *cert. dismissed*, 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). Rule 11 is not a fee shifting statute requiring the loser to pay; the focus of Rule 11 is on conduct rather than on results. *See Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir.1989) (en banc).

 Former Rule 11 contains two grounds for the imposition of sanctions: (1) the "frivolousness clause," which looks to whether a party or an attorney for a party made a reasonable inquiry into both the facts and the law; and (2) the "improper purpose clause," which looks to whether a document was interposed for an improper purpose, such as delay, harassment, or increasing the cost of litigation. *Brown v. Federation of*

*State Medical Bds. of the United States*, 830 F.2d 1429, 1435–36 (7th Cir.1987), *abrogated on other grounds*, *Mars Steel*, 880 F.2d at 930. The standard for imposing sanctions under both bases is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances. *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir.1994); *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir.), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994).

 The signer's conduct must be judged by inquiring what was objectively reasonable to believe at the time the pleading was signed. *LaSalle Nat. Bank of Chicago v. County of DuPage*, 10 F.3d 1333, 1338 (7th Cir.1993). It is not necessary, prior to filing the pleading, that an investigation into the facts be carried out to the point of absolute certainty. *Kraemer v. Grant County*, 892 F.2d 686, 689 (7th Cir.1990) (citation omitted). The investigation, however, must be reasonable under the circumstances of the particular case. *In re Excello Press, Inc.*, 967 F.2d 1109, 1112–13 (7th Cir.1992).

## IV. *DISCUSSION*

 The gravamen of the instant motion is that both the Bank and Moore knew of the existence of the July 7th letter prior to or at the time the amended complaint was filed, thus making it impossible for the Bank to prevail on the second prong required to prove its prima facie case under § 727(d)(1). Thereby, the filing, which alleged a lack of knowledge of the Debtor's fraudulent concealment of the Account prior to the entry of the discharge order on September 1, 1995, was factually untrue and not well grounded in fact. The Debtor does not allege that the complaint was interposed for an improper purpose. Hence, the basis of the motion is the "frivolousness clause"—whether the Bank and Moore made a reasonable inquiry into the facts and law.

Both Moore and the Bank counter that prior to the entry of the Debtor's discharge, no individual at the Bank's Chicago branch had actual knowledge of either the July 7th letter or the Account. In essence, Moore and the Bank contend that while constructive

notice of the July 7th letter may have barred the Bank from relief under § 727(d)(1), the lack of actual notice of the July 7th letter should serve as a defense to the sanctions.

For purposes of Bankruptcy Rule 9011 sanctions, like many other things, timing can mean everything. That the Court in its Memorandum Opinion concluded that the Bank was on at least constructive notice, for purposes of § 727(d)(1), because of the existence of the July 7th letter in one of its files, does not ipso facto mandate the imposition of sanctions. The Chicago branch of the Bank was not actually aware of the Account until after the Debtor's discharge. Had the evidence at trial indicated that the Bank's Chicago branch's officers, agents, or attorneys actually learned of the July 7th letter's existence prior to entry of the discharge on September 1, 1995, but waited over three months until belatedly filing the complaint, the Court would be inclined to conclude that there would be proper grounds to sanction the Bank or Moore. The evidence adduced at the trial, however, proved that Moore saw the July 7th letter for the first time in October 1996, near the pretrial discovery cut-off date and may have heard of it for the first time either in August or September 1996, over six months after the complaint was filed. No evidence was adduced to establish exactly when the Chicago branch manager or some other responsible officer or agent actually discovered and located the July 7th letter which led to the discovery of the Account.

It is one thing for the Bank's complaint to be denied because it, a single corporate entity, was found to be on constructive notice of the Account located in one branch, of which another branch became actually aware of the Account after the time to object to discharge had run under Bankruptcy Rule 4004. It is another and different thing to prove that an unsuccessful litigant should be sanctioned under Bankruptcy Rule 9011 because the party did not review all possibly relevant files prior to filing the pleading. The Court notes that the evidence at the trial on the complaint showed that the Bank's vice president of credit noticed the July 7th letter in the files he reviewed in conjunction with a subsequent bankruptcy case filed by the Debtor's spouse over two months after the Debtor's discharge was entered. *See* 202 B.R. at 602.

Thus, the Court concludes that the resident personnel in the Bank's Chicago branch became aware of the existence of the Account sometime between November 1995 and January 1996, a time too late under Bankruptcy Rule 4004 to timely file objections to the Debtor's discharge. The Court finds that Moore's conduct at the time the complaints were filed was objectively reasonable. It would have been better to have actually learned of the July 7th letter prior to the entry of the Debtor's discharge, but not all possibly relevant files must be reviewed prior to a complaint being filed. One's own discovery of its case can continue along with the pretrial discovery of the opponent's case after a complaint is filed. Rule 11 does not impose a continuing obligation on a party to amend its complaint if the complaint was reasonably interposed in the first place. *See Schoenberger v. Oselka,* 909 F.2d 1086, 1087 (7th Cir.1990); *Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.,* 809 F.2d 451, 454 (7th Cir.1987). Moreover, failure of proof at trial is not necessarily sufficient to support the imposition of sanctions. The Court must focus on what was reasonable for the Bank and Moore to believe at the time the pleading was filed, not on what the Court later found to be the case. The Bank's theory was adequately proven at trial on the first required element of proof under § 727(d)(1), so the amended complaint was adequately factually supported in that regard.

Even though the Court declined to agree with the Bank's argument that the Chicago branch must essentially operate as a separate banking entity under the Illinois Foreign Banking Office Act, 205 ILCS 645/1 *et seq.,* and thus should be treated as divisible from the Madras branch, this does not mean that the Court considers such argument frivolous. Moore testified that he conducted research on this point, but was unable to find any case law supporting the Bank's position. Lack of such support does not compel a conclusion that the argument, raised in the amended complaint itself (Bank's Exhibit No. 2 at ¶ 12), was not made in good faith. This is reinforced by the undisputed fact that the

Bank, though one single corporate entity, lacked any central registry of accounts or central computerized data base from which Bank agents at one branch could search for and retrieve information concerning customer accounts, loans or other relevant data on customers who file bankruptcy.

Bankruptcy Rule 9011 sanctions should not be utilized to penalize attorneys for taking novel, innovative positions. *Dicker v. Allstate Life Ins. Co.*, 730 F.Supp. 111, 115 (N.D.Ill.1989) (citation omitted). The mere absence of legal precedent, the presentation of an unreasonable legal argument, or the failure to prevail on the merits of a particular contention does not justify the imposition of sanctions. *See Lerch v. Boyer*, 929 F.Supp. 319, 324 (N.D.Ind.1996). In evaluating a filed document under former Rule 11, "a court must take care not to penalize arguments for legal evolution." *Szabo*, 823 F.2d at 1082. Moreover, "[t]he only way to find out whether a complaint is an effort to change the law is to examine with care the arguments counsel later adduced." *Id.* The Court finds that the Bank and Moore made a good faith argument in the complaint and at trial for the extension or modification of existing law with respect to the issue of the Bank's knowledge. Accordingly, the Debtor's request for sanctions against the Bank and Moore is hereby denied.

Turning to the defenses asserted by the Bank and Moore, the Court rejects the argument that it lacks jurisdiction over this matter. The Court has subject matter jurisdiction under the text of Bankruptcy Rule 9011 and the cited case authorities. *See In re Memorial Estates, Inc.*, 132 B.R. 19, 22 (N.D.Ill.1991). Both the Bank and Moore have subjected themselves in personam to the Court's limited subject matter jurisdiction by filing the complaint and appearing before the Court.

Next, the Court rejects the argument that the motion at bar is not timely. First, Bankruptcy Rule 9011 contains no explicit time limits for bringing a motion for sanctions. Second, Local General Rule 46 of the District Court and its time limits are inapposite and not applicable in these proceedings before this Court. While it is true that the bankruptcy judges in the District constitute a unit of the District Court pursuant to 28 U.S.C. § 151, the Local General Rules of the District Court are not identical to and are separate from the Local Bankruptcy Rules, promulgated under Federal Rule of Bankruptcy Procedure 9029. The Local Bankruptcy Rules contain no analogue to Local General Rule 46. Rule 11 can be invoked even after a voluntary dismissal of a case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393–98, 110 S.Ct. 2447, 2454–57, 110 L.Ed.2d 359 (1990); *Szabo*, 823 F.2d at 1077–80; *see also In re Slaughter*, 191 B.R. 135, 139 (Bankr.W.D.Wis.1995). *Szabo* defines the outer parameters of the timeliness for a Rule 11 motion in this Circuit. *See Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir.1992). The *Kaplan* court stated, however, that "where appropriate, such motions should be filed at an earlier time—as soon as practicable after discovery of a Rule 11 violation." *Id.* (footnote omitted). The Court concludes that the instant motion was not untimely. The motion was filed on January 13, 1997, less than two months after the Court entered a final judgment on the merits. The Court finds this constitutes a reasonable amount of time given the Debtor's contention that he did not know what arguments the Bank would make at the trial with respect to the issue of the Bank's knowledge, and thus had to wait until after the trial to file the instant motion.

Moreover, the Court finds the defense that the motion fails to state a cause of action lacks merit because it was not established until trial when Moore and the Chicago branch personnel actually discovered and learned of the July 7th letter. Had either discovered it prior to the Debtor's discharge, the end result of this motion would have been far different. Further, the defense regarding the Debtor's failure to mitigate damages will not be addressed because the Court is not sanctioning the Bank or Moore.

The Court agrees, however, with the argument that it would be an inappropriate and inequitable result to tax the Bank or Moore with the Debtor's attorneys' fees in

the absence of objective proof that either violated Bankruptcy Rule 9011, and in light of the finding that the Debtor fraudulently concealed the existence of the Account which was discovered by the Bank after it was too late to timely raise an objection to his discharge. It would be singularly inappropriate to visit the defense costs upon the Bank or Moore in light of the Debtor's conduct. Each party should bear its own costs and fees under the facts and circumstances shown by this record.

## V. CONCLUSION

Accordingly, the Court concludes that neither the Bank nor Moore has violated Bankruptcy Rule 9011. The Court finds that the complaints were in substantial part factually grounded and based on legal theories warranted by existing law which was sought to be modified and extended by good faith arguments. The Bank facially stated a viable cause of action in its complaint. It subsequently failed, however, to prove all required elements at trial. This failure does not constitute sufficient grounds to warrant the imposition of Bankruptcy Rule 9011 sanctions. There was no evidence furnished by the Debtor that the original or amended complaints were not filed in good faith. Thus, the sanctions requested are denied.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.