**In re SZABO CONTRACTING, INC., Debtor.**

**No. 99 B 39097.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Sept. 26, 2002.

William S. Piper, Thomas H. Cafcas, Jr., McKenna, Storer, Rowe, White & Farrug, Chicago, IL, for Movant.

Edward L. Filer, Tina M. Bird, Fagle-Haber LLC, Chicago, IL, for Berkeley Trucking, Inc.

Mark F. Kalina, Guerard, Kalina & Butkus, Wheaton, IL, for West Suburban Bank.

David R. Brown, David R. Brown & Associates, P.C., Roselle, IL, trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Mountbatten Surety Company ("Mountbatten") and Fidelity & Deposit Company of Maryland ("Fidelity") to vacate an amended agreed order entered by the Court on May 13, 2002 (the "Amended Agreed Order"), and for the imposition of attorney's fees and sanctions pursuant to 18 U.S.C. § 152(4). Several responses in opposition to the motion have been filed. For the reasons set forth herein, the Court hereby denies the motion to vacate the order as well as the request for the imposition of attorney's fees and sanctions. The Court partially sustains the objections thereto by David R. Brown as the Chapter 7 case trustee of the Debtor's estate and claimants Berkeley Trucking, Inc. ("Berkeley Trucking") and West Suburban Bank ("West Suburban").

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

### II. FACTS AND BACKGROUND

On August 3, 1998, Berkeley Trucking filed a lawsuit against Szabo Contracting, Inc. (the "Debtor"), the Village of Skokie and Peerless Insurance Company to foreclose its claimed Illinois mechanics' lien

and to prosecute its claim on Peerless' payment and performance bonds. The Debtor was a contractor involved in a number of construction projects. Mountbatten is a subsidiary of Fidelity and both are owned by Zurich North America. Mountbatten arranged for the issuance of a performance bond for the Debtor on one or more of its pending construction projects, which were apparently not finished when this bankruptcy case was commenced. On December 20, 1999, an involuntary petition was filed against the Debtor. An order for relief under Chapter 7 was entered on January 14, 2000. Subsequently, on January 24, 2000, the United States Trustee appointed David R. Brown as the Chapter 7 case trustee (the "Trustee").[1]

On January 28, 2000, Berkeley Trucking filed a proof of claim in which it asserted an unsecured priority claim in the sum of $296,034.98. *See* Exhibit A to Motion to Vacate the Amended Agreed Order and Exhibit A to Berkeley Trucking's Response to the Motion to Vacate the Amended Agreed Order. Berkeley Trucking performed hauling work for the Debtor, for which it was never paid. Thereafter, on February 28, 2000, Berkeley Trucking filed a motion for relief from the automatic stay in order to prosecute its mechanics' lien foreclosure. *See* Exhibit B to Motion to Vacate the Amended Agreed Order. On March 31, 2000, the Court entered an order modifying the automatic stay to allow Berkeley Trucking to pursue and proceed to prosecute its claims based upon its state court action to foreclose its mechanics' lien, quantum meruit, unjust enrichment and bond claims. *See* Exhibit C to Motion to Vacate the Amended Agreed Order.

On January 3, 2001, the Circuit Court of Cook County, Illinois, in the foreclosure of the mechanics' lien action filed by Berkeley Trucking, entered an order granting the Village of Skokie's motion to dismiss as to Berkeley Trucking's foreclosure claim on the basis that Berkeley Trucking's claim was not lienable. *See* Exhibit D–1 to Motion to Vacate the Amended Agreed Order. That order was made final and appealable on January 30, 2001. *See* Exhibit D–2 to Motion to Vacate Amended Agreed Order. Subsequently, on March 1, 2001, Berkeley Trucking filed a notice of appeal. That appeal was decided by the Illinois Appellate Court, First Judicial District on September 6, 2002. Therein, the court vacated the order dismissing Berkeley Trucking's lien claim and remanded the matter to the trial court for further proceedings.

On October 24, 2001, the Trustee filed objections to Berkeley Trucking's and West Suburban's proofs of claim. *See* Exhibit E to Motion to Vacate Amended Agreed Order. West Suburban asserted a lien on various equipment and accounts receivable among other categories of collateral. The Trustee asserted that Berkeley Trucking's claim was not entitled to be classified as a priority claim. The Trustee's objection to West Suburban's claim asserted, in part, that the Trustee was then unable to determine whether the funds in his hands were proceeds of the collateral subject to West Suburban's liens. Copies of the objections were served on counsel for Mountbatten and Fidelity. The Trustee's basis for the objections was that neither claimant had provided a sufficient basis to assert liens against the funds of the estate, which were held by the Trustee and were either proceeds from the

---

**1.** The United States Trustee originally appointed Brenda P. Helms as the Chapter 7 case trustee on January 19, 2000. On January 24, 2000, however, she resigned and David R. Brown was appointed.

Debtor's pre-petition bank accounts or proceeds of the sale of vehicles and equipment. Both West Suburban and Berkeley Trucking filed responses to the Trustee's objection, asserting liens against some or all of the estate's funds. Mountbatten and Fidelity were also served with copies of these responses. *See* Exhibit B to Berkeley Trucking's Response to the Motion to Vacate the Amended Agreed Order. Neither Mountbatten nor Fidelity filed an objection to either claim of West Suburban or Berkeley Trucking. The objection was initially noticed for hearing on November 30, 2001, and continued from time to time thereafter while the Trustee and the claimants engaged in discovery and settlement negotiations.

On March 15, 2002, the Court entered orders partially disallowing the secured claims of Berkeley Trucking and West Suburban. *See* Exhibit F to Motion to Vacate Amended Agreed Order. These orders sustained the Trustee's objections to those claims to the extent the funds held in the estate were proceeds of the sales of titled vehicles and equipment.

The Trustee now concedes that based on information provided, he determined that the funds held in the Debtor's pre-petition bank accounts were proceeds of accounts receivable, which were subject to the claimed security interest of West Suburban. West Suburban and Berkeley Trucking reached an accord as to distribution of the funds, and the Trustee reached an agreement with both claimants to retain a portion of the funds for administrative expenses. As a result, on May 8, 2002, counsel for Mountbatten and Fidelity received a letter from counsel for the Trustee advising of an offer of $25,000.00 to settle Berkeley Trucking's claim against the Debtor. *See* Exhibit G to Motion to Vacate Amended Agreed Order. On May 9, 2002, counsel for Mountbatten responded

by stating that Mountbatten objected to any proposed distribution by the Trustee to Berkeley Trucking. *See* Exhibit H to Motion to Vacate Amended Agreed Order. The letter further stated that Berkeley Trucking lost its claim to a secured position by virtue of the decision of the state trial court wherein it decided that Berkeley Trucking had no lien rights.

On May 10, 2002, prior to the hearing on the motion, the Trustee informed counsel for Mountbatten and Fidelity that he intended to have the agreement entered. Counsel for Mountbatten and Fidelity voiced his objection to the Trustee. The Trustee, in turn, advised the Court of this conversation during the hearing. Nevertheless, on that same date, an agreed order was entered by the Court which referenced an agreement between the Trustee, Berkeley Trucking and West Suburban. *See* Exhibit I to Motion to Vacate Amended Agreed Order. The Agreed Order stated that the Debtor, the Village of Skokie, Peerless and Fidelity received notice of all matters relative to the funds and did not file a claim and/or objection with the Court. On May 13, 2002, the Trustee, Berkeley Trucking and West Suburban presented an Amended Agreed Order, which the Court entered. *See* Exhibit J to Motion to Vacate Amended Agreed Order. On May 22, 2002, the Trustee issued checks totaling $35,000.00 to West Suburban and Berkeley Trucking. During the six months that the Trustee's objections were litigated and eventually resolved and settled, neither Mountbatten nor Fidelity joined in the objections or asserted any rights to the subject funds. Rather, on May 31, 2002, approximately eighteen days after the Amended Agreed Order was entered, they filed the instant motion.

Mountbatten and Fidelity seek to vacate the Amended Agreed Order on the basis that it was entered without motion or no-

tice to any interested party, contrary to the representations made therein. Moreover, they allege that the Amended Agreed Order was purportedly entered without any representation by Berkeley Trucking or the Trustee that the state court determined that Berkeley Trucking had no lien rights. Mountbatten and Fidelity maintain that the failure to disclose such information constitutes a knowing misrepresentation to the Court in violation of 18 U.S.C. § 152(4) and a fraud upon the other creditors of the Debtor's estate whom the Trustee owes a fiduciary duty. Mountbatten and Fidelity request that the Court vacate the Amended Agreed Order as well as the order of May 10, 2002, which preceded it; sanction Berkeley Trucking by disallowing its claim in its entirety, including any claim of a secured interest in any and all assets; enjoining Berkeley Trucking from otherwise prosecuting its claim; fine Berkeley Trucking in accordance with 18 U.S.C. § 152; and award Mountbatten and Fidelity their attorneys' fees.

The Trustee opposes the motion on two grounds: (1) the movants fail to assert a basis for a claim of damages to either movants or the estate; and (2) the movants should be barred from seeking the vacation of the Amended Agreed Order based on the doctrine of laches. West Suburban also opposes the motion at bar for several reasons: (1) the movants fail to assert a basis for a claim of damage to either the movants or the estate; (2) the motion should be denied on the basis of laches; (3) Bankruptcy Rule 9019 does not require notice of the contested claim settlement to all creditors; and (4) the state court order is not dispositive of West Suburban's claim.

Berkeley Trucking also opposes the motion and contends that pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(3), notice can be waived if cause exists, and

cause did exist because Mountbatten and Fidelity had actual notice of the intention and substance of the compromise, and their conduct during the bankruptcy case provided cause to dispense with notice. Further, Berkeley Trucking alleges that the instant motion was filed solely to harass it and that the motion has no proper purpose. Berkeley Trucking contends that the motion is sanctionable and Mountbatten and Fidelity should be sanctioned for filing the motion via an award of attorney's fees to Berkeley Trucking for the time it expended responding to the motion.

## III. DISCUSSION

### A. Applicable Standards

■ The Seventh Circuit Court of Appeals has instructed courts to treat all substantive post-judgment motions, regardless of their captions, if filed within ten days of judgment, under Federal Rule of Civil Procedure 59. *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Wisconsin*, 957 F.2d 515, 517 (7th Cir.), *cert. denied*, 506 U.S. 829, 113 S.Ct. 91, 121 L.Ed.2d 53 (1992); *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986). Motions made thereafter are considered under the provisions of Rule 60 of the Federal Rules of Civil Procedure, as adopted by Federal Rule of Bankruptcy Procedure 9024. Because the motion to vacate the Amended Agreed Order was filed on May 31, 2002, more than ten days after the Court entered the Amended Agreed Order on May 13, 2002, the authorities and standards under Rules 60 and 9024 are applicable and controlling. Rule 60 governs relief from a final judgment. *Britton v. Swift Transp. Co.*, 127 F.3d 616 (7th Cir.1997).

Federal Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken....

Fed.R.Civ.P. 60(b).

▪ Rule 60(b) contains five clauses, (b)(1)-(b)(5), delineating specific grounds for obtaining relief. *Wesco Prods. Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir.1989). Additionally, Rule 60(b) contains a catchall clause in Rule 60(b)(6). *Id.* The first five clauses and the catchall clause are mutually exclusive. *Webb v. James*, 147 F.3d 617, 622 (7th Cir.1998). "Thus, if the asserted grounds for relief fall within the terms of the first [five] clauses of Rule 60(b), relief under the catchall provision is not available." *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir.1998) (quoting *Wesco*, 880 F.2d at 983). Mountbatten and Fidelity do not state under which clause of Rule 60(b) they seek relief.

▪ Relief from a judgment under Rule 60(b)(1) for mistake, inadvertence, surprise or excusable neglect is an extraordinary remedy and is granted only in exceptional circumstances. *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984). The burden of establishing proper grounds for Rule 60 relief rests upon the movant. *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir.1996); *National Bank of Joliet v. W.H. Barber Oil Co.*, 69 F.R.D. 107, 109 (N.D.Ill. 1975). A motion under Rule 60(b) is addressed to the sound discretion of the trial judge. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). Neither Mountbatten nor Fidelity specifically invoke any of the grounds under the Rule and the Court will not speculate on their behalf. Thus, their motion is procedurally defective for lack of specificity of the precise grounds for relief under the Rule.

Instead, the movants focus upon Federal Rule of Bankruptcy Procedure 9019(a), which speaks to compromise or settlement agreements. Specifically, Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors ... as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr.P. 9019(a). Bankruptcy Rule 2002(a), in turn, provides in relevant part that "the clerk ... shall give ... all creditors ... at least 20 days' notice by mail of ... the hearing on approval of a compromise or settlement of a controversy ... unless the court for cause shown directs that notice not be sent...." Fed. R. Bankr.P.2002(a)(3). Moreover, Bankruptcy Rule 2002(i) provides that notice of a compromise or a settlement may be given only to committees appointed pursuant to

the Bankruptcy Code and to the creditors and equity security holders who serve on the trustee or debtor in possession and file with the clerk a request that all notices be mailed to them. Fed. R. Bank. P.2002(i). One commentator has summed up these provisions:

> The thrust of the foregoing provisions is that, when it comes to providing for notice of a hearing on a motion to compromise a controversy, the notice can be sent either to (a) all creditors, the debtor, the trustee and indenture trustees, or (b) only to the United States trustee, committees, and those parties in interest who have filed a request for special notice. In appropriate cases, no notice at all might be required. The nature of the compromise or settlement being presented and its importance to the estate, along with the need for expedition, will determine the notice which will have to be given in any particular case.

10 L. King, *Collier on Bankruptcy*, ¶ 9019.02 at 9019–3 (15th ed. rev.2001).

The primary issue, which has not been addressed by the Seventh Circuit Court of Appeals or by this Court, is whether, pursuant to the foregoing Rules, notice of a proposed settlement of a claim objection between a creditor/claimant and the trustee/objector must be sent to all creditors or a lesser list of creditors, as was done in the case at bar.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the United States Supreme Court established the due process requirements for notice and held that:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections. . . . The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance. . . .

*Id.* at 314, 70 S.Ct. 652 (citations omitted). Furthermore, "[t]he adequacy of notice and hearing respecting proceedings that may affect a party's right turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

### B. The Court Was Not Required to Give Notice to All Creditors of the Settlement of the Claims of Berkeley Trucking and West Suburban

■ With respect to the matter at bar, the Court finds that it was not required to give notice to all creditors of the settlement of the claim objection between Berkeley Trucking and the Trustee. Only claim objections that are litigated and adjudicated by the Court require dispositive order of court to be resolved. Stipulated dispositions of claims do not necessarily require court orders to be effective. The Bankruptcy Code contains no requirement for judicial approval of settlements. *In re Telesphere Communications, Inc.*, 179 B.R. 544, 551–52 (Bankr.N.D.Ill.1994) (citation omitted). Bankruptcy Rule 9019 provides a procedure for motions to settle, but it does not create a substantive requirement for judicial approval that does not exist in the Bankruptcy Code. *Id.* Thus, if the Code contains no statutory requirement for judicial approval of settlement, then the Court was not obligated under Bankruptcy Rules 2002 and 9019 to require notice be sent to all creditors of the Debtor's estate regarding the settlement between the Trustee, Berkeley

Trucking and West Suburban on the Trustee's objections to the claims.

## C. *Even If the Court Was Required to Provided Notice to All Creditors, Cause Existed So That Notice Need Not Be Sent to All Creditors*

 Bankruptcy Rule 2002(a)(3) indicates that notice of hearing on approval of a compromise or settlement of a controversy must be sent to all creditors unless a court, for cause, directs that notice not be sent. It is undisputed that the Court never made a specific finding regarding whether cause existed so that notice need not be sent to all creditors. However, the Court need not make a specific finding of cause on the record as long as cause exists. In *Goldstein v. Patel (In re Patel)*, 43 B.R. 500 (N.D.Ill.1984), the district court was faced with an issue similar to the one at bar. There, the bankruptcy court approved the settlement of a fraudulent conveyance action by the case trustee without sending notice to all creditors as provided in Bankruptcy Rule 2002(a)(3). The case trustee filed an adversary proceeding to recover real property that the trustee alleged had been fraudulently conveyed to the debtor's wife and an investment company. The trustee reached a compromise with the party who had foreclosed on the property, but did not yet have title to the property because the redemption period had not expired. Pursuant to the agreement, the trustee could sell the property and collect rental payments in the interim. The bankruptcy court approved the settlement after a two-day hearing and with no formal notice given to creditors.

The district court found that the bankruptcy court waived such notice for good cause. Specifically, the court found that while cause should be evidenced in findings by the bankruptcy court, failure to make specific findings was not fatal if the record reflected the cause. The court found that the record in fact reflected cause because the trustee needed to act quickly in order to retain control over certain property of the estate without litigation and with the possibility of adding to the estate's assets. *Id.* at 504.

Even if the Court was required to give notice to all creditors of the settlement in these matters, the Court finds that cause existed because Mountbatten and Fidelity had actual and adequate notice of the intention and substance of the claim compromises and their conduct during the bankruptcy case provided cause to dispense with notice. Mountbatten and Fidelity had actual notice of the claim disputes and were afforded ample opportunity to raise their own objections. The Trustee filed his objection to the claims of Berkeley Trucking and West Suburban in October 2001. Mountbatten and Fidelity received a copy of the objections. Neither Mountbatten nor Fidelity joined the objections or appeared before the Court to express an objection or position, or assert any rights with respect to the subject funds in the Trustee's control. The May 8, 2002 letter to counsel for Mountbatten and Fidelity from Berkeley Trucking informed them of the intention to compromise the claims of West Suburban and Berkeley Trucking. It is undisputed that their counsel received this letter because a response thereto was made on May 9, 2002. On May 10, 2002, prior to the hearing on the motion, the Trustee and counsel for Mountbatten and Fidelity spoke wherein the Trustee informed counsel that he intended to have the agreement entered. Counsel for Mountbatten and Fidelity voiced his objection to the Trustee, but failed to appear in Court or file any pleading objecting thereto until the instant motion was filed on May 31, 2002, after the Amended Agreed Order became final and the Trustee dis-

tributed the settlement proceeds pursuant thereto on May 22, 2002.

The Court finds that cause existed so as to dispense with notice to all creditors. There are over 500 creditors in this case, and to require notice to go to every creditor listed in the estate for every claim objection settlement would constitute an undue and unnecessary burden upon the Trustee and expense to the Debtor's estate, thereby further reducing the net asset pool available to pay allowed claims. Such cost would be especially significant in large cases in which there are many thousands of claims. The Amended Agreed Order only settled claim objections by the Trustee to Berkeley Trucking and West Suburban. Same did not preclude or resolve any other disputes between the claimants and other parties such as Mountbatten and Fidelity, who are free to litigate such disputes elsewhere among themselves. *See generally In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987) (bankruptcy court has no jurisdiction to decide dispute between two claimants that has no impact upon the bankruptcy estate).

The end-result is the functional equivalent of what frequently happens when claims are amended to meet objections or disputes are settled by the filing of a claim in an agreed amount. This is because filed claims under 11 U.S.C. § 501 are automatically deemed allowed under § 502(a) unless an objection is filed under § 502(b). No party, other than the Trustee, filed objections to the claims of Berkeley Trucking or West Suburban. Only claim objections that are litigated and adjudicated by the Court require dispositive orders to be resolved. Stipulated dispositions of claims do not necessarily require court orders to be effective. *See Telesphere Communications,* 179 B.R. at 552 n. 6.

Moreover, no other creditor, including Mountbatten and Fidelity, ever appeared at any prior hearings with respect to the Trustee's claim objections, and the only objectors to these settlements, Mountbatten and Fidelity, were on notice of all proceedings and were afforded ample opportunity to participate. No creditor has subsequently complained of a lack of notice. Thus, the Court holds that cause existed so as to dispense with notice to all creditors, even if a requirement to notice all creditors of all settlements on contested claims exists via Bankruptcy Rule 9019.

### D. *Mountbatten and Fidelity Have Standing to Object to the Entry of the Amended Agreed Order*

The Trustee argues that Mountbatten and Fidelity lack standing to object to the Trustee's settlements between the Debtor's estate and Berkeley Trucking and West Suburban. "To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceeding." *In re Cult Awareness Network, Inc.,* 151 F.3d 605, 607 (7th Cir.1998). "Only a 'person aggrieved' has standing to appeal an order of the bankruptcy court." *In re Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 690 (7th Cir.1992) (citations omitted). "Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." *Id.* (citation omitted). "These prerequisites, however, are excused 'if the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken.'" *Id.* (quotation omitted). In such a case, "'the requirements of due process outweigh those of judicial efficiency and certainty.'" *Id.* (quotation omitted). Mountbatten and Fidelity contend that they did not receive proper notice of the settlement of the claims of Berkeley Trucking and West Suburban. Because

they assert claims against the Debtor and its estate, they have a pecuniary interest in any dividends payable to the creditors that the Trustee may distribute. Thus, the Court rejects the argument that they lack standing to object to the settlements.

### E. *The Court Was Not Misled Into Approving the Amended Agreed Order*

■ Mountbatten and Fidelity seeks to vacate the Amended Agreed Order on the basis that the Court was misled into approving it because the Trustee, Berkeley Trucking and West Suburban failed to represent to the Court that Berkeley Trucking's mechanics' lien claim was dismissed by the state court. The Court finds that there was no fraud committed upon the Court by the Trustee, Berkeley Trucking or West Suburban. Berkeley Trucking performed hauling work for the Debtor and was never paid. Even though the state trial court dismissed Berkeley Trucking's lien claim, that issue was on appeal. In fact, on September 6, 2002, the state appellate court vacated the order dismissing Berkeley Trucking's lien claim and remanded the matter to the trial court for further proceedings. The Trustee, in the exercise of his business judgment, negotiated a settlement of the claims against the bankruptcy estate, rather than incur the additional costs and fees necessarily incurred to prosecute the claim objections in a trial before the Court. The fact that the Court was not informed of all the relevant circumstances surrounding the negotiation of the claims or the state trial court's ruling on Berkeley Trucking claim, does not, ipso facto, constitute a fraud perpetrated upon the Court.

### F. *The Doctrine of Laches Bars the Motion to Vacate the Amended Agreed Order*

■ Additionally, the Court denies this motion based on the doctrine of lach-

es. Laches is an equitable defense that is properly invoked when "unreasonable delay in pressing one's rights ... prejudices the defendant." *Cook v. City of Chicago,* 192 F.3d 693, 695 (7th Cir.1999) (citations omitted). In order for laches to apply in a case, the party asserting the defense must establish two elements: (1) an unreasonable lack of diligence by the party against whom the defense is asserted; and (2) prejudice arising from the delay. *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 820 (7th Cir.1999). A defendant is prejudiced from delay in asserting a claim where the defendant has changed its position in a way that would not have occurred if the plaintiff had not delayed. *Id.* at 824.

■ Mountbatten has been actively involved in this case since its attorney filed a pleading in the case on January 28, 2000. It did not file a proof of claim. Thus, the Trustee and the other creditors had no way of knowing that it claimed an interest in the funds that were the subject of the Amended Agreed Order. Mountbatten and Fidelity failed to respond to the Trustee's objection to the claims of West Suburban and Berkeley Trucking, or assert their own claims to the underlying funds, even though they were aware of the same. They waited until eighteen days after the Amended Agreed Order was entered to file an objection to the distribution of the funds. The Court finds that their delay resulted in prejudice to the Trustee, Berkeley Trucking and West Suburban because the funds have already been distributed pursuant to the settlement. The failure of Mountbatten and Fidelity to timely file a motion to vacate or advise the Trustee of their intent to do so, resulted in the entry of the Amended Agreed Order and the disbursement of the funds. Accordingly, the Court finds that the doctrine of laches bars Mountbatten and Fidelity from

belatedly seeking to vacate the Amended Agreed Order.

### G. *The Court Will Not Sanction Berkeley Trucking Pursuant to 18 U.S.C. § 152(4)*

 Mountbatten and Fidelity ask the Court to sanction Berkeley Trucking pursuant to 18 U.S.C. § 152(4) which provides:

A person who—

(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;

shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 152(4).

 The Court has previously found that Berkeley Trucking did not perpetrate any fraud upon this Court. Moreover, the fact that the state court dismissed Berkeley Trucking's lien claim, but that Berkeley Trucking pursued the issue on further appeal, does not constitute the presentment of a false claim by Berkeley Trucking against the Debtor's estate for purposes of 18 U.S.C. § 152(4). In addition, the statute relied upon is criminal, not civil, and beyond the limited subject matter jurisdiction of the bankruptcy court to enforce. Only civil matters arising under, arising in and related to title 11 are heard by the bankruptcy court pursuant to its jurisdiction under 28 U.S.C. § 157. All federal criminal jurisdiction is vested solely in the district court and not in the bankruptcy court. If Mountbatten and Fidelity desire action to be taken against Berkeley Trucking for claimed violations of 18 U.S.C. § 152(4), they are free to raise this issue with the United States Attorney for the Northern District of Illinois to prosecute such an action in the district court. Hence, the Court declines to sanction Berkeley Trucking pursuant to this statute.

### H. *The Court Will Not Sanction Mountbatten and Fidelity for Filing the Instant Motion to Vacate the Amended Agreed Order*

Coupled with its response to the instant motion, Berkeley Trucking filed a countermotion for sanctions in which it seeks its attorney's fees for the time expended responding to the motion to vacate the Amended Agreed Order. Berkeley Trucking argues that the motion to vacate the Amended Agreed Order was filed solely to harass it and that there was no proper purpose for its filing. While it does not specifically invoke Federal Rule of Civil Procedure 11, and its bankruptcy analog, Federal Rule of Bankruptcy Procedure 9011, the Court will proceed as if the request had been made thereunder.

Initially, the Court notes that the motion for sanctions, which was piggybacked to Berkeley Trucking's response to vacate the Amended Agreed Order, was not properly filed and noticed for presentment before the Court pursuant to Local Bankruptcy Rule 402. Hence, it is procedurally insufficient. For this reason alone, the Court could strike and deny the motion. However, in order to save all interested parties, including the Debtor and the Trustee, the expense of having to appear before the Court on a properly noticed motion for sanctions, the Court will address the merits of the request.

Bankruptcy Rule 9011 is modeled after Federal Rule of Civil Procedure 11 and is "essentially identical" to Rule 11. *In re Park Place Assocs.*, 118 B.R. 613, 616 (Bankr.N.D.Ill.1990). Rule 11 was amended in 1993 to add certain notice require-

ments [2] and these same amendments were later made to Bankruptcy Rule 9011, effective in 1997. Thus, in applying the current version of Bankruptcy Rule 9011, courts frequently look to Rule 11 and the cases decided thereunder. *See In re Famisaran,* 224 B.R. 886, 894 (Bankr.N.D.Ill.1998). Some Rule 11 cases decided prior to the procedural amendment are still applicable today in analyzing Bankruptcy Rule 9011 because the substantive provisions were not altered. *See In re Collins,* 250 B.R. 645, 659 (Bankr.N.D.Ill.2000); *State Bank of India v. Kaliana (In re Kaliana),* 207 B.R. 597, 601 (Bankr.N.D.Ill.1997) (citations omitted).

 The goal of the sanctions remedy provided under Bankruptcy Rule 9011 is to deter unnecessary filings, prevent the assertion of frivolous pleadings, and to require good faith filings. *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077–80 (7th Cir.1987), *cert. dismissed,* 485 U.S. 901, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). The Rule is not intended to function as a fee shifting statute which would require the losing party to pay costs. *Kaliana,* 207 B.R. at 601 (citing *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir.1989)). Thus, the Rule focuses on the conduct of the parties and not the results of the litigation. Bankruptcy Rule 9011 provides in relevant part:

(a) SIGNATURE. Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. . . .

(b) REPRESENTATIONS TO THE COURT. *By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper,* an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) SANCTIONS. If, after notice and a reasonable opportunity to respond, *the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attor-*

---

**2.** Rule 11 was amended in 1993 to broaden the obligations of the parties to refrain from conduct which frustrates the judicial process while also placing greater constraints on the imposition of sanctions. Fed.R.Civ.P. 11, Advisory Committee Notes, 1993 Amendments. To this end, the provisions of (c)(1)(A) were included to provide parties with notice and an opportunity for "curing" offensive pleadings before a remedy could be sought in court. Bankruptcy Rule 9011 was amended in 1997 in order to bring it in conformance with Rule 11's earlier 1993 revision. Commonly known as the "safe-harbor provision," this notice requirement is at issue in the instant matter and will be discussed hereinafter.

*neys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.*

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. *The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).* If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. . . .

. . .

(2) Nature of Sanction; Limitations. *A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.* Subject to the limitations in subparagraphs (A) and (B), *the sanction may consist of, or include,* directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, *an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.*

. . .

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanctions imposed.

Fed. R. Bankr.P. 9011 (emphasis supplied).

 Under Bankruptcy Rule 11(c)(1)(A), "sanctions proceedings may be initiated in two ways, by motion or at the initiative of the trial court." *Divane v. Krull Elec. Co., Inc.,* 200 F.3d 1020, 1025 (7th Cir.1999). When sanctions are requested upon a party's motion, two requirements must be met: (1) the motion must be made separate and apart from other motions or requests and "[must] describe the specific conduct alleged to violate" representations to the court, and (2) "the motion may not be presented to the court unless, within twenty-one days of service, the non-movant has not withdrawn or corrected the challenged behavior." *Id.* A court that imposes sanctions by motion without adhering to the twenty-one day safe harbor abuses its discretion. *Id.* (citing *Johnson v. Waddell & Reed, Inc.,* 74 F.3d 147, 150–51 (7th Cir.1996)). Rule 11 was designed to ensure due process and give the potentially offending party a "full and fair opportunity to respond and show cause before sanctions are imposed." *Id.*

 The present version of Bankruptcy Rule 9011 provides that upon presenting in the manner of signing, filing, submitting or later advocating documents to the court, a party or their counsel represents that to the best of that person's knowledge, information and belief, formed after a reasonable inquiry under the circumstances, such document is not presented (1) for any improper purpose, (2) based upon frivolous legal arguments, (3) without adequate evidentiary support for its allegations, and (4) without a basis for denials of fact. These provisions essentially create two grounds for the impositions of sanc-

tions: (1) the "frivolousness clause," which looks to whether a party or an attorney made a reasonable inquiry into both the facts and the law; and (2) the "improper purpose clause," which looks to whether a document was interposed for an illegitimate purpose such as delay, harassment, or increasing the costs of litigation. *Kaliana*, 207 B.R. at 601 (citations omitted).

With respect to the "frivolousness clause," the relevant inquiry has two prongs: (1) whether the attorney made a reasonable inquiry into the facts and (2) whether the attorney made a reasonable investigation of the law. *Home Savs. Ass'n of Kansas City, F.A. v. Woodstock Assocs. I, Inc. (In re Woodstock Assocs. I, Inc.)*, 121 B.R. 238, 242 (Bankr.N.D.Ill. 1990) (citation omitted). In making the determination of whether a reasonable inquiry was made with respect to the facts of a case, courts must consider five factors: (1)whether the signer of the document had sufficient time for investigation; (2) the extent to which the attorney had to rely on his client for the factual foundation underlying the pleading; (3) whether the case was accepted from another attorney; (4) the complexity of the facts and the attorney's ability to perform a sufficient pre-filing investigation; and (5) whether discovery would have been beneficial to the development of the underlying facts. *Id.* In sum, the investigation of the facts must have been reasonable under the particular circumstances of the case. *In re Excello Press, Inc.*, 967 F.2d 1109, 1112–13 (7th Cir.1992).

A pleading is well-grounded in fact if it has some reasonable basis in fact. *Woodstock*, 121 B.R. at 242 (citations omitted). On the other hand, a pleading is not well-grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known by the attorney signing the document. *Id.* (citation omit-

ted). Nonetheless, the Rule does not require investigation to the point of absolute certainty. *Kaliana*, 207 B.R. at 601 (citation omitted).

The Court must deny Berkeley Trucking's motion for sanctions because it violated the safe-harbor provision contained in Bankruptcy Rule 9011(c)(1)(A). The safe-harbor provision of Bankruptcy Rule 9011 provides that the motion may not be filed with the court until at least twenty-one days after service of the motion on the offending party. "If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court." Fed.R.Civ.P. 11 Advisory Committee Notes, 1993 Amendments. The intention of the Rule is that counsel will give "informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion." *Id.* The safe-harbor provision is a mandatory procedural prerequisite and sanctions imposed without compliance are improper. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir.1995); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995); *In re VMS Sec. Litig.*, 156 F.R.D. 635, 641 (N.D.Ill.1994); *In re McNichols*, 258 B.R. 892, 902–03 (Bankr.N.D.Ill.2001) (collecting cases).

Pursuant to the notice of filing attached to Berkeley Trucking's response and counter-motion for sanctions, it served counsel for Mountbatten and Fidelity with the same on June 28, 2002, one day after it filed the document with the Court. Accordingly, Berkeley Trucking violated the twenty-one day safe-harbor period. It filed the response and counter-motion one day before it served the same on counsel for Mountbatten and Fidelity. Because Berkeley Trucking failed to comply with

the safe-harbor provision of Bankruptcy Rule 9011, the Court hereby denies the motion for sanctions against Mountbatten and Fidelity.

### IV. *CONCLUSION*

For the foregoing reasons, the Court denies the motion to vacate the Amended Agreed Order entered on May 13, 2002 and the request for attorney's fees and sanctions.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.