**IN RE: Darryl KINNEY, Debtor.**

**Darryl Kinney, Plaintiff,**

**v.**

**Atlanta Police Department, Federal Bureau of Investigation, et al., Defendants.**

**CASE NO. 16–62039–PMB NO. 16–5158**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Filed: 11/07/2016

---

U.S. Attorneys Office, Northern District of Georgia, Atlanta, GA, for Defendant.

### ORDER GRANTING MOTION OF UNITED STATES TO DISMISS COMPLAINT OF PLAINTIFF-DEBTOR

Paul Baisier, U.S. Bankruptcy Court Judge

Before the Court is the Motion to Dismiss filed by Defendants Federal Bureau of Investigation, Internal Revenue Service, U.S. Department of Defense, and the U.S. Department of Justice, by and through the United States Attorney for the Northern District of Georgia (collectively, the "United States"), on August 29, 2016 (Docket No. 9) (the "Motion to Dismiss")[1] regarding the Complaint of Plaintiff-Debtor (the "Debtor"), which commenced the above-styled adversary proceeding (Docket No. 1) (the "Complaint").[2] The United States asserts that the Complaint should be dismissed: (1) under Federal Rule of Civil Procedure 12(b)(1), applicable herein and incorporated through Federal Rule of Bankruptcy Procedure 7012(b), on grounds that this Court lacks subject matter jurisdiction to decide the claims and remedies sought by the Debtor herein; and, (2) under Fed.R.Civ.P. 12(b)(6), also applicable herein and incorporated through Fed. R.Bankr.P. 7012(b), on grounds that the Debtor has failed to state any claims upon which relief can be granted. The Debtor filed a Response to the Motion to Dismiss on September 2, 2016 (Docket No. 11) (the "Response"), in which he repeats certain allegations and attaches what appear to be excerpts from various federal tax or treasury regulations or related provisions, along with references to the Internal Revenue Code. Based on a review of the foregoing, the Motion to Dismiss will be granted.[3]

In the Complaint, the Debtor requests an investigation into certain alleged acts of

1. To date, Defendant Atlanta Police Department has not joined in the Motion to Dismiss.

2. The United States avers that it has not located an actual complaint among the documents filed by the Debtor, located at Docket No.1, but refer to these documents collectively, which include a Motion to Cease and Desist and a Brief with a Call for Congressional Investigation, as the "Complaint" for which they seek dismissal herein.

3. On September 14, 2016, the Debtor filed a Motion to Stay regarding, among other things, certain alleged acts of stalking by the United States and other departments of the federal government similar to his prior allegations (Docket No. 12) (the "Motion to Stay"). The Motion to Stay is also addressed in this Order and will be denied.

"illegal stalking by US Military, FBI and Police", which he. alleges kept him out of work and resulted in lost wages as well as causing damage to two (2) cars and the tainting of twenty-four (24) lawsuits with over \$2.6 billion in claims for illegal obstruction of justice. The Debtor also sets forth allegations of various felonies and acts of interference with court proceedings including, but not limited to, invasion of privacy, conspiracy, defamation, bribery, wiretaps, and mail theft. According to the adversary cover sheet he later filed (Docket No. 5), Debtor claims civil rights violations, harassment, stalking, obstruction of justice, mental anguish, attempted murder, and property damage, and seeks \$3.2 billion in damages.[4]

In the Motion to Dismiss, the United States contends that the Debtor has filed at least twelve (12) complaints against federal agencies and employees in district courts across the nation, covering allegations and claims that are substantially similar to those presented in this adversary proceeding, including stalking, conspiracies, illegal surveillance, and other alleged criminal acts. Copies of various court orders from these suits are attached to the Motion to Dismiss. The United States asserts that Debtor has prevailed in none of these suits and that most have been dismissed pursuant to motions under Rule 12(b)(6). The United States further contends that, just as the Debtor alleged in these prior matters, the apparent basis of the Complaint herein is "a series of incomprehensible, implausible and conclusory aspersions" that certain state and federal governmental agencies have "perpetrated a national criminal conspiracy." As a result, Debtor avers that for at least ten (10) years, he has been the target of harassment, which has impeded his ability to work, and that his attempts to obtain justice have been obstructed through the manipulation of lawsuits he has filed. In the Complaint, Debtor again seeks an investigation into these and other alleged criminal and illegal acts by the United States along with entry of an order stopping all such activities.

As noted above, the United States proffers several legal grounds in support of the Motion to Dismiss. First, because the Debtor's claims are asserted in terms of alleged criminal activity by the United States, it argues this federal bankruptcy court lacks subject matter jurisdiction to hear, adjudicate, and issue a dispositive ruling with respect to such claims. Citing the decisions of *In re Laosebikan*, 2014 WL 4080279 (Bankr. N.D.Ga. June 9, 2014) and *In re Szabo Contracting, Inc.*, 283 B.R. 242, 255 (Bankr. N.D.Ill. 2002), the United States maintains that this Court, as a civil court and court in equity, cannot impose relief regarding claims that are criminal in nature or intertwined with assertions of criminal conduct including stalking, kidnapping, threats, and obstruction of justice. Such jurisdiction is, instead, vested in and reserved to the district court.[5]

 Second, the United States contends that the Complaint must be dismissed because it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Laosebikan*,

---

4. As noted above, the Debtor filed a Motion to Stay that contains, among other things, similar alleged acts of "criminal gang stalking" by the United States and other departments of the federal government.

5. The United States further argues that the claims asserted by the Debtor are not core proceedings and, in addition, do not come within this Court's "related to" jurisdiction. *See* 28 U.S.C. § 157(b)(1) and (c)(1).

*supra*. Instead, Debtor's Complaint merely sets forth conclusory allegations, unwarranted deductions, or assertions that do not "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Further, lacking any specific factual bases for his claims, the Complaint fails to provide the United States with fair notice of any claims the Debtor seeks to assert herein. Finally, the United States emphasizes that, even though pleadings filed by *pro se* litigants are typically afforded a more liberal construction than those filed by attorneys, such persons are not excused from meeting the standards set forth in the above-referenced cases. *See Loor v. Puente*, 618 Fed.Appx. 655, 655 (11th Cir.2015).

Based upon a review of the pleadings filed in this matter and the cited authority, the Court agrees with the United States that the allegations set forth in the Debtor's Complaint are not sufficient on their face "to raise a right to relief above the speculative level" and satisfy the standard of plausibility needed to survive a motion to dismiss. *See Twombly, supra*, 550 U.S. at 555, 127 S.Ct. 1955; *Ashcroft, supra*, 556 U.S. at 678, 129 S.Ct. 1937. In addition, based on the record as presented, it appears that other federal courts have been confronted with similar claims as asserted herein. Those courts have determined that such allegations are not sufficient to state any claim upon which relief can be granted and, absent any basis to do so, they may not be reasserted in these proceedings.

Under the doctrine of res judicata, the filing of claims that either were raised or could have been raised in prior litigation may be barred to protect a party's adversaries from the burden and expense of defending multiple suits on the same claims. In accordance with case precedent in this circuit, a claim will be barred based on prior litigation when: (1) a final judgment has been entered on the merits of the claim; [6] (2) the court rendering the decision had competent jurisdiction; (3) the parties in both suits are the same; and (4) the cause of action in both cases is the same. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Here, the Court concludes that this doctrine applies and bars the claims asserted by the Debtor.

A review of various court decisions, copies of which are provided by the United States, reveals, to the extent such allegations are comprehensible, that these allegations have been made before and dismissed. They include the following: that various government defendants kept Debtor from working and had Debtor terminated from his job through harassing illegal actions; that Debtor and his family have been stalked from state to state by military and police personnel, with defendants renting apartments around him, hacking his computer, rerouting his telephone calls, and stealing his mail; that they have interfered with his ability to provide for his family as shown by the fact that Debtor sent out over 3,000 resumes and only received one (1) call; that they have tainted various court proceedings; that they forced Debtor and his wife into a fraudulent divorce scheme for 6–7 years; and, that they have harassed Debtor's child.[7]

---

**6.** A dismissal for failure to state a claim may operate as an adjudication on the merits for purposes of res judicata. *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013), citing *Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975).

**7.** *See Kinney, et al. v. Dep't of Justice, et al.*, Final Report and Recommendation, Civil Ac-

Moreover, one district court specifically observed that the Debtor had repeated similar allegations in prior suits that were dismissed. *Kinney, et al. v. Dep't of Justice, et al.*, Minute Entry, Case No. 1:11–cv–06069 (N.D. Ill. Jan. 30, 2012), attached as Exhibit "E" to Motion to Dismiss.[8]

■ Even if the Debtor's allegations were enough to raise plausible claims to relief on the grounds asserted against the United States, and if they were not barred by res judicata, this Court nevertheless does not have subject matter jurisdiction to hear and decide such claims as they: (1) do not arise under title 11 of the United States Code; (2) do not arise in a case under title 11 such that they could not be prosecuted except for the existence of the bankruptcy case; or, (3) are not otherwise related to the bankruptcy case such that resolution would have a material effect on the administration of the bankruptcy estate. *See* 28 U.S.C. § 1334.[9] Upon review of the Complaint, the Court concludes that the Debtor's claims do not arise under title

11 and could be litigated outside this bankruptcy case.

■ The Court also notes that the Chapter 7 Trustee in this case has abandoned Debtor's claims in this adversary proceeding to the Debtor, so that the estate no longer has any interest in them (Docket No. 16). Further, the Section 341 Meeting of Creditors has been concluded and the Trustee has filed a Report of No Distribution. Administration of this case will soon be finished. Moreover, given the nature of many of Debtor's allegations, it appears that the relief he is seeking in the Complaint is criminal in nature. For example, allegations of kidnapping, stalking, torture, and attempted murder are not within the scope of claims this civil court can address and remedy within its jurisdiction over matters as referred by the district court under relevant statutory authority. *See Laosebikan, supra,* at *3.

Though the Debtor filed a Response to the Motion to Dismiss, it does not address

tion No. 1:10–CV–3481–JEC–ECS (N.D.Ga. Jan. 18, 2011), attached as Exhibit "A" to Motion to Dismiss; *Kinney v. U.S. Attorney General, et al.*, Memorandum and Order, Case No. 11–4176–JTM (D.Kan. April 4, 2012), attached as Exhibit "B" to Motion; *Kinney, et al. v. Dep't of Justice, et al.*, Minute Entry, Case No. 1:11–cv–06069 (N.D. Ill. Jan. 30, 2012), attached as "E" to Motion; and *see Kinney v. U.S. Dep't of Defense*, Order, No. 1:13–cv–06740 (N.D.Ill. Oct. 1, 2013), attached as Exhibit "F" to Motion.

8. Although this Court may be limited in taking judicial notice of the factual findings of another court, it may take judicial notice of the entry of an order addressing same for purposes of recognizing the "judicial act" it represents. Here, this principle means that the Court may take judicial notice of the allegations asserted by the Debtor in other federal courts, such as reflected in the Exhibits proffered by the United States, and their similarity to those made in the present proceeding, and the fact that these allegations were dismissed upon review by those courts. Judi-

cial notice is especially appropriate as the Debtor was a direct participant in those proceedings. *See generally United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279–80 (11th Cir. 1999); and *see* Federal Rule of Evidence 201(b), applicable herein by and through Fed.R.Bankr.P. 9017.

9. The procedures for hearing and deciding such matters, determining if they are core or non-core proceedings, and deciding the relative finality of any order(s) entered by a bankruptcy court, are set forth in 28 U.S.C. § 157. *See generally In re Lee's Famous Recipes, Inc.*, 2011 WL 7068916 (Bankr. N.D.Ga. Dec. 12, 2011); *In re New Century Holdings, Inc.*, 387 B.R. 95, 104 (Bankr. D.Del. 2008). The Court concludes that the allegations set forth in the Debtor's Complaint do not constitute "core proceedings" as described in Section 157(b). In addition, as these allegations also do not constitute non-core, related matters as addressed in Section 157(c), the Court does not have jurisdiction to hear them.

the concerns stated above, but merely cites what appear to be various provisions of the Internal Revenue Code or U.S. treasury regulations without offering any specific factual allegations upon which the Court can assess and ascertain a claim for relief that this Court can entertain or grant.

In sum, the Court concludes as follows: (1) the Debtor has failed to state claims in accordance with the pleading standards discussed herein upon which the Court may grant relief consistent with Rule 12(b)(6); (2) to the extent the Debtor has stated such claims, they have already been presented to, and addressed by, other federal courts and may not be reconsidered in this forum and no grounds have been offered to do so; and, finally, (3) to the extent the Debtor has stated viable claims, this Court lacks subject matter to hear them under the statutes mentioned above and since they appear to be criminal in nature.

Accordingly, based on the above discussion, it is

**ORDERED** that the Motion to Dismiss as filed by the United States be, and the same hereby is, **GRANTED**; and, it is further

**ORDERED** that the Debtor's Motion to Stay be, and the same hereby is, **DENIED**; and, it is further

**ORDERED** that the Debtor's Complaint is hereby **DISMISSED** as against the United States, including Defendants Federal Bureau of Investigation, Internal Revenue Service, U.S. Department of Defense, and the U.S. Department of Justice, by and through the United States Attorney for the Northern District of Georgia.

The Clerk is directed to serve a copy of this Order on the Debtor, counsel for Defendant the United States, Defendant City of Atlanta Police Department (including service upon the Office of the Mayor, the President of the Atlanta City Council, and the Office of the City Attorney of Atlanta), the Chapter 7 Trustee, and the United States Trustee.